UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH E. PARSICK,<br><br>                  Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY,<br><br>                  Defendant. | Civil Action No. 20-15673-CCC-AME<br><br>**OPINION & ORDER** |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on Plaintiff Keith Parsick's motion for discovery pursuant to Fed. R. Civ. P. 56(d) [D.E. 27]. Plaintiff filed the motion for discovery in response to the motion for summary judgment [D.E. 24] filed by Defendant United States Army (the "Army" or "Defendant"). The Court has reviewed Plaintiff's moving [D.E. 29] and reply [D.E. 32] papers, the Army's opposition [D.E. 31], and the Army's papers filed in support of its motion for summary judgment [D.E. 24], and decides Plaintiff's motion for discovery without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court denies Plaintiff's motion.

**I.  BACKGROUND**

Plaintiff brought this case under the Freedom of Information Act ("FOIA"). In Plaintiff's Complaint [D.E. 1-3], he seeks production by the Army of certain video camera footage from July 2019 outside of Building 151 at Picatinny Arsenal, including footage from July 2, 2019, a day two women accused Plaintiff of inappropriately touching them during a photoshoot at that location [*see* D.E. 25-2 at ¶ 3]. In an Order dated September 17, 2021 [D.E. 22], this Court granted the Army's request to stay discovery in the case and permitted the Army to move for summary judgment. In connection with its motion for summary judgment, the Army states that it produced to Plaintiff 24

hours of unredacted video footage taken from the four cameras outside of Building 151, all from July 2, 2019, and that because it "has released [to Plaintiff] in full all responsive footage in its possession, this suit is now moot." Def. Summary Judgment Br. [D.E. 24-2] at 1, 19-20.

## II. DISCUSSION

Courts have held that "discovery is rarely appropriate in FOIA cases … [and] [t]he preferred approach, if possible, is to resolve the lawsuit without discovery and by summary judgment." *Pavement Coatings Tech. Council v. United States Geological Surv.*, 995 F.3d 1014, 1024 (D.C. Cir. 2021). Discovery is only warranted if Defendant's declarations filed in connection with a summary judgment motion "evince bad faith." *Chelmowski v. United States*, No. 17-1394, 2021 U.S. Dist. LEXIS 135501, at *24 (D.D.C. July 21, 2021). In general, "[a]ffidavits submitted by an agency to demonstrate the adequacy of its FOIA response are presumed to be in good faith." *Hamdan v. DOJ*, 797 F.3d 759, 772 (9th Cir. 2015).

Plaintiff argues that he needs discovery "to refute the Army's mootness defense as well as to address issues of inadequate search, bad-faith, misconduct and reconstruction of the missing records." Pl. Moving Br. [D.E. 29] at 15-16. Plaintiff's motion for discovery repeats arguments he previously made to this Court when he opposed the Army's request to stay discovery [D.E. 19]. For example, Plaintiff argues that earlier, and ultimately incorrect, statements by Army staff concerning the existence of additional video footage demonstrate that the Army made contradictory statements and did so in bad faith. *See* Pl. Moving Br. at 1, 10; Pl. Reply Br. at 1, 6, 8. The Court has reviewed the statements at issue identified by Plaintiff, as well as the declarations and exhibits thereto filed by the Army and Plaintiff. The declarations of Timothy Hendrickson [D.E. 24-5], Irassema Sullivan [D.E. 25], and Christopher Johnson [D.E. 25-2] filed by the Army in support of its motion for summary judgment set out in detail the chronology of the Army's response to Plaintiff's FOIA request and the context for the statements by Johnson and Sullivan that led Plaintiff to believe

additional footage might exist. However, the Court finds that those declarations do not reflect any bad faith by the Army. Plaintiff's assertions to the contrary are speculative and mere speculation is insufficient to show bad faith. In any event, even if the Army later contradicted certain of its prior statements concerning additional video footage, as Plaintiff contends, courts have held that contradictory statements alone do not show bad faith. *See, e.g.*, *Am. Oversight v. United States Dep't of Just.*, 401 F. Supp. 3d 16, 26 (D.D.C. 2019) ("the fact that an agency discovers an error in its earlier representations … does not alone displace the good-faith presumption courts accord its declarations … [T]he focus should be on whether the agency admits and corrects error, not on the fact that it made a mistake in the first place").

Plaintiff also argues that the Army delayed processing his FOIA requests, and that this delay shows the Army's bad faith. *See* Pl. Reply Br. at 13-14. This argument is also unavailing because delayed responses to FOIA requests do not demonstrate bad faith. *See Bartko v. United States Dep't of Justice*, 102 F. Supp. 3d 342, 351 (D.D.C. 2015) ("[C]ourts routinely find that delays in responding to FOIA requests are not, in and of themselves, indicative of agency bad faith.") (collecting cases).

Plaintiff further argues that he should be permitted discovery regarding whether there was a fifth camera outside Building of 151. Pr. Moving Br. at 9, 11; Pl. Reply Br. at 2, 12. Plaintiff and a former co-worker, Robert Spine (who last worked at Picatinny Arsenal in 2017), both averred in declarations [D.E. 29-5 and 29-4] that they recalled the existence of a camera on the southeast side of the building, which would have been the fifth camera outside of the building. However, Hendrickson, who has been the Chief of Physical Security at Picatinny Arsenal since 2014, averred that during his tenure there have been only four cameras that capture footage of Building 151, and there was never a camera on the southeast side of the building [D.E. 24-5]. Hendrickson also attached photographs that he took in June 2021 of Building 151 confirming that there is no camera

3

on the southeast side of the building [D.E. 24-6]. Given Hendrickson's declaration and the accompanying photographs, the Court is unable to discern what information additional discovery (such as a deposition of Hendrickson) would yield. The District Court can determine on summary judgment whether the Army's search was adequate and whether the discrepancy between Plaintiff's and Spine's recollections, and Hendrickson's declaration, constitutes a genuine dispute as to a material fact. But on the current record, Plaintiff has failed to demonstrate the utility of discovery on this issue. Additionally, to the extent Plaintiff views the limited discovery sometimes authorized under Fed. R. Civ. P. 56(d) as another chance to obtain the video footage he alleges the Army has failed to produce, Plaintiff is mistaken about the point of Rule 56(d). The purported additional footage Plaintiff seeks is the "ultimate aim" of his suit and it is "not necessary to support his opposition" to Defendant's motion for summary judgment in this FOIA case. *See Chelmowski v. United States*, No. 17-1394, 2021 U.S. Dist. LEXIS 135499, at *17 (D.D.C. July 21, 2021) (denying discovery where Plaintiff sought the documents at issue in his FOIA case through Rule 56(d)).

In sum, because discovery is "extraordinary" in a FOIA action, *Thomas v. Dep't of Health and Human Servs.*, 587 F. Supp 2d 114, 114 n.2 (D.D.C. 2008), and given that the Court finds no evidence of bad faith or misconduct, Plaintiff's motion for discovery is denied.[1]

### III.  CONCLUSION AND ORDER

For the reasons set forth above, this Court finds that discovery is not warranted in this FOIA action and that Plaintiff's motion should be denied. Accordingly,

**IT IS** on this 11th day of April 2022,

**ORDERED** that Plaintiff's motion for discovery is DENIED; and it is further

---

[1] The declarations relied upon by the Army in its summary judgment papers likewise render Plaintiff's assertion that discovery is required "to explore the location of duplicate copies [of any deleted recordings] and the possibility [they] might be forensically reconstructed" [D.E. 29-1 at 1-2] as mere unfounded speculation.

**ORDERED** that Defendant United States Army may file a motion for summary judgment or a letter requesting that the motion previously filed at D.E. 24 be reactivated; and it is further

**ORDERED** that Plaintiff shall file any opposition to Defendant's motion for summary judgment within 21 days of the filing or reactivation of motion, and 14 days thereafter Defendant may file any reply.

    /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge